AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### Southern District of California

| | |
|---|---|
| **FILED** | |
| 5/30/2023 | |
| CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br>BY    vyc                    DEPUTY | |

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )        Case No.    23MJ8397
 )
**Blue Samsung** )
**Model: Galaxy A10s** )
**IMEI: 355684118661968** )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-3, incorporated herein by reference.

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

❏ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:

See Attached Affidavit of Border Patrol Agent Moncerad Soto incorporated herein by reference.

❏ Continued on the attached sheet.

❏ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Border Patrol Agent Moncerad Soto
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date:    05/30/2023    _____
*Judge's signature*

City and state:    EL CENTRO, CALIFORNIA    HON. LUPE RODRIGUEZ, JR., U.S. MAGISTRATE JUDGE
_____
*Printed name and title*

## ATTACHMENT A-3
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3:**          Blue Samsung
                 Model: Galaxy A10s
                 IMEI: 355684118661968
                 Seized from Roselin MORALES-Leon
                 **(Target Device #3)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT B

### ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-5 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of April 5, 2023, up to and including May 5, 2023, and is limited to the following:

a. tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b. tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d. tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e. tending to identify the user of, or persons with control over or access to, the Target Device;

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AFFIDAVIT**

I, Moncerad Soto, United States Border Patrol Agent, having been duly sworn, depose and state as follows:

**INTRODUCTION**

1.      I submit this affidavit in support of an application for warrant(s) to search the following electronic device(s):

**A-1:**                Black Samsung
                         Model: Galaxy 8
                         IMEI: 358481091386920
                         Seized from Fabian PEREZ
                         **(Target Device #1)**

**A-2:**                Blue Apple iPhone
                         Model: iPhone 12 Mini
                         IMEI: 353005115237135
                         Seized from Fabian PEREZ
                         **(Target Device #2)**

**A-3:**                Blue Samsung
                         Model: Galaxy A10s
                         IMEI: 355684118661968
                         Seized from Roselin MORALES-Leon
                         **(Target Device #3)**

**A-4:**                Black iPhone
                         Model: iPhone Xr
                         IMEI: 356833115709580
                         Seized from Jorge MUNOZ-Amaro
                         **(Target Device #4)**

**A-5:**                ZTE Cellphone
                         Model: Blade L9
                         IMEI: Unknown
                         Seized from Alvaro VALLE-Cortez
                         **(Target Device #5) (collectively "Target Devices")**

1

1   as further described in Attachments A-1 to A-5, and to seize evidence of a crime,

2   specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as

3   further described in Attachment B.

4       2.    The requested warrant relates to the investigation and prosecution of Fabian

5   PEREZ for transportation of illegal aliens Alvaro VALLE-Cortez, Jorge MUNOZ-Amaro,

6   and Roselin MORALES-Leon (collectively, the "Material Witnesses") in violation of 8

7   U.S.C. § 1324 within the Southern District of California. The Target Devices were seized

8   from PEREZ and the material witnesses on or about May 4, 2023, incident to the arrest of

9   PEREZ and the material witnesses. The Target Devices are currently in the possession of

10  the Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West

11  Aten Road, Imperial, California 92251, and located in the evidence room of that office.

12      3.    Because this affidavit is being submitted for the limited purpose of

13  establishing probable cause in support of the application for a search warrant, it does not

14  set forth every fact that I, or others, have learned during the course of this investigation.

15  The information contained in this Affidavit is based upon my personal observations and

16  knowledge, my review of various official reports, and upon conversations with other

17  Border Patrol Agents.  Dates and times are approximate.

18                          **EXPERIENCE AND TRAINING**

19      4.    I am a United States Border Patrol Agent with the Department of Homeland

20  Security, Customs and Border Protection, United States Border Patrol ("USBP"). I have

21  been employed as a full-time, sworn federal BPA with the USBP since February 2016, and

22  graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New

23  Mexico. The 20-week Academy curriculum covers specialized training in the Immigration

24  and Naturalization Act, criminal law, and statutory authority, as well as cross-training in

25  Title 21, United States Code, Controlled Substances law, and in Title 19, United States

26  Code, Customs law.

27      5.    I am currently assigned to the El Centro Sector Prosecutions Unit. The El

28  Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and

prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6.     Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, those who attempt to smuggle aliens into the United States from Mexico and transport them throughout the Southern District of California.  I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities.  Because they are mobile, the use of cellular telephones permits alien smugglers and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7.     The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators and illegal aliens.  For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal

1   aliens after crossing into the United States. These communications may also include

2   locations for delivery to stash houses and/or sponsors.  Illegal aliens also are typically in

3   telephonic contact with co-conspirators prior to and following their crossing in order to

4   make smuggling arrangements, receive instructions, and report their locations after

5   crossing.

6          8.      Based upon my training, experience, and consultations with law enforcement

7   officers experienced in narcotics trafficking investigations, and all the facts and opinions

8   set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity

9   Module (SIM) card(s)) can and often do contain electronic evidence, including, for example,

10  phone logs and contacts, voice and text communications, and data, such as emails, text

11  messages, chats and chat logs from various third-party applications, photographs, audio

12  files, videos, and location data. In particular, in my experience and consultation with law

13  enforcement officers experienced in alien smuggling investigations, I am aware that

14  individuals engaged in alien smuggling may store photos and videos on their cell phones

15  that reflect or show co-conspirators and associates engaged in alien smuggling, as well as

16  images and videos with geo-location data identifying alien smuggling transportation routes,

17  and communications to and from recruiters and organizers.

18         9.      This information can be stored within disks, memory cards, deleted data,

19  remnant data, slack space, and temporary or permanent files contained on or in the cellular

20  telephone. Specifically, searches of cellular telephones may yield evidence:

21     a.     tending to indicate efforts to smuggle aliens from Mexico into the United
22            States;

23     b.     tending to identify accounts, facilities, storage devices, and/or services–
24            such as email addresses, IP addresses, and phone numbers–used to
25            facilitate alien smuggling and transportation of smuggled aliens;

26     c.     tending to identify co-conspirators, criminal associates, or others involved
27            in alien smuggling, or transportation of smuggled aliens;

28

4

d.     tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e.     tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f.     tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

10.     On May 4, 2023, Border Patrol Agent (BPA) J. Soberanes was assigned line watch duties in the El Centro Station Area of Responsibility, approximately 20 miles west of the Calexico, California West Port of Entry. This area consists of secluded open desert, with heavy brush and scattered bushes throughout. At approximately 12:20 p.m., a Remote Video Surveillance System (RVSS) operator informed BPAs in the field via service radio of a white truck, later identified as a Ford F-150, heading north on Exit 7 north of the US/Mexican International Boundary Fence (IBF). BPA Soberanes responded to the scene and observed a group of individuals exiting a white Ford pickup truck and fleeing south towards the IBF. As BPA Soberanes approached the Ford, he turned on his emergency equipment lights and siren to initiate a vehicle stop. Once BPA Soberanes was beside the Ford, the driver stopped. BPA Soberanes approached the driver, later identified as PEREZ, and identified himself as a BPA. BPA Soberanes told PEREZ that he observed several individuals exiting his truck and PEREZ stated he did not know what BPA Soberanes was talking about. BPA Soberanes repeated that he observed the individuals exiting his truck and that he was going to place PEREZ under arrest.

11.     Once PEREZ was in custody, BPA Soberanes notified other responding Agents via service radio that there were at least five individuals running south from his location. BPA Soberanes stayed with PEREZ while the other BPAs proceeded to arrest the rest of the individuals. BPA Soberanes noticed that the Ford truck had "Spencer" decals on its front doors similar to the symbol of a contracting company currently working along

1  the border.  BPA Soberanes asked PEREZ if he worked for the Spencer company and he

2  did not respond.  BPA Soberanes asked PEREZ if he had any identification that would

3  confirm that he worked for the Spencer company and PEREZ replied that he would not

4  answer any other questions without the presence of an attorney.

5        12.    The individuals that had previously exited the Ford truck were shortly

6  apprehended by BPAs F. Guerra, J. Ayala, and M. Romero and it was determined that it

7  was a total of 14 individuals, later identified as: Ariana Areli AGUILAR-Lomeli, Linzy

8  Pamela AVILA-Hernandez, Valery Sofia FIALLOS-Avila, Marbella CONTRERAS-

9  Santiago, Jorge Miguel FIALLOS-Lopez, Acner Eli GOMEZ-Lopez, Alberto LINARES-

10  Contreras, Edwin LOPEZ-Ortiz, Roselin MORALES-Leon, Jorge MUNOZ-Amaro, Lucia

11  SANTIAGO-Gonzalez, Alirio Josue URBINA-Moreira, Alvaro VALLE-Cortes, and

12  Janelore VASQUEZ-Soc. When asked, all fourteen individuals admitted they were

13  illegally present in the United States without any immigration documents that would allow

14  them to enter or remain in the United States legally. PEREZ and the fourteen

15  undocumented aliens were then transported to the Calexico Border Patrol Station for

16  processing.

17        13.    On May 4, 2023, Material Witnesses Roselin MORALES-Leon, Jorge

18  MUNOZ-Amaro, and Alvaro VALLE-Cortez, provided BPAs with statements in the

19  Spanish language individually.  All three Material Witnesses claimed to be citizens of

20  Mexico. All three Material Witnesses stated they traveled to Mexicali, Baja California with

21  the intention to cross the International Border illegally into the United States. All three

22  Material Witnesses stated they were to pay between $8,000 and $12,000 USD to be

23  illegally smuggled into the United States.  All three Material Witnesses were presented

24  with a six-pack photo line-up labeled 1-A. Material Witnesses MUNOZ and VALLE

25  positively identified Fabian PEREZ as the driver of the Ford truck.

26        14.    During a search incident to arrest of Fabian PEREZ, Agent J. Soberanes and

27  BPA J. Morales located a Black Samsung Galaxy 8 (Target Device #1) and a Blue iPhone

28  12 Mini (Target Device #2) on PEREZ's person; PEREZ claimed ownership of the Target

1   Devices and they were seized as evidence. Agent F. Guerra located a Blue Samsung (Target

2   Device #3) on MORALES-Leon's person. Agent F. Guerra also located a Black iPhone

3   (Target Device #4) on MUNOZ-Amaro's person and a ZTE Blade L9 (Target Device #5)

4   on VALLE-Cortez's person.

5         15.    Based upon my experience and investigation in this case, I believe that

6   PEREZ and other persons, yet unknown, were involved in an alien smuggling venture and

7   PEREZ used the Target Devices to coordinate with the, yet unknown, persons to bring the

8   aliens into the United States and/or transport them further into the United States.

9   Additionally, I believe that recent calls made and received, telephone numbers, contact

10  names, electronic mail (e-mail) addresses, appointment dates, text messages, pictures, and

11  other digital information are stored in the memory of the Target Devices, which may

12  identify other persons involved in alien smuggling activities.

13        16.    I am aware that smuggling conspiracies require planning to successfully evade

14  detection by law enforcement. In my professional training and experience, this may require

15  planning and coordination in the days and weeks prior to the event. Additionally, co-

16  conspirators are often unaware of the subject's arrest and will continue to attempt to

17  communicate with the subject after the arrest to determine their whereabouts. Given this, I

18  respectfully request permission to search the Target Devices for data beginning on April 5,

19  2023, up to and including May 5, 2023, the day after the arrest of PEREZ.

**METHODOLOGY**

20

21        17.    It is not possible to determine merely by knowing the cellular telephone's

22  make, model and serial number, the nature and types of services to which the device is

23  subscribed, and the nature of the data stored on the device. Cellular devices today can be

24  simple cellular telephones and text message devices, can include cameras, can serve as

25  personal digital assistants and have functions such as calendars and full address books, and

26  can be mini computers allowing for electronic mail services, web services, and rudimentary

27  word processing. An increasing number of cellular service providers now allow for their

28  subscribers to access their device over the internet and remotely destroy all of the data

contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

18.    Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones, and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

19.    Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this Court.

//

//

//

//

//

//

8

**CONCLUSION**

20.    Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that PEREZ used the Target Devices to facilitate the offense of alien smuggling. The Target Devices likely were used to facilitate the offense by transmitting and storing data, specifically that described in Attachment B, which constitutes evidence of violations of Title 8, United States Code, Section 1324. I also believe that probable cause exists to believe that evidence of illegal activity committed by PEREZ, the Material Witnesses, and others continues to exist on the Target Devices. Therefore, I respectfully request that the Court issue this warrant.

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
Moncerad Soto, Border Patrol Agent
United States Border Patrol

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 30th day of May, 2023.

_____    2:49 p.m.
HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A-1
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**                    Black Samsung
                               Model: Galaxy 8
                               IMEI: 358481091386920
                               Seized from Fabian PEREZ
                               **(Target Device #1)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-2
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-2:**  Blue Apple iPhone
Model: iPhone 12 Mini
IMEI: 353005115237135
Seized from Fabian PEREZ
**(Target Device #2)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-3
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3:**           Blue Samsung
                   Model: Galaxy A10s
                   IMEI: 355684118661968
                   Seized from Roselin MORALES-Leon
                   **(Target Device #3)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-4
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-4:**         Black iPhone
                 Model: iPhone Xr
                 IMEI: 356833115709580
                 Seized from Jorge MUNOZ-Amaro
                 **(Target Device #4)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-5
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-5:**          ZTE Cellphone
                  Model: Blade L9
                  IMEI: Unknown
                  Seized from Alvaro VALLE-Cortez
                  **(Target Device #5)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT B**

### ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-5 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of April 5, 2023, up to and including May 5, 2023, and is limited to the following:

a.     tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.     tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.     tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.     tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.     tending to identify the user of, or persons with control over or access to, the Target Device;

f.     tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.